UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GUY CHAMBERS, | ) | CASE NO. 1: 06 CV 911 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, et al., | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon a Motion for Summary Judgment and a Motion for Dismissal filed by Defendant Continental Airlines, Inc. ("Continental"). (ECF # 6, # 8.) For the reasons set forth below, Continental's Motion for Summary Judgment, which relates to the original Complaint, is DENIED as MOOT. (ECF # 6.) Further, Continental's Motion for Dismissal, which is a renewed Motion for Summary Judgment as to the First Amended Complaint, is GRANTED. (ECF # 8.)

## I. BACKGROUND

On April 17, 2006, Plaintiff Guy Chambers filed a two-count Complaint against Defendants the United States of America, the Federal Aviation Administration (the "FAA"), and Continental. (ECF # 1.) The Complaint arises from an incident that occurred while Plaintiff was working at Cleveland Hopkins International Airport on April 15, 2004. (*Id.* at ¶¶ 9-25.) On that date, Plaintiff escorted two engineers onto a taxiway that was supposed to be closed pursuant to a Notice To All Airmen ("NOTAM"). (*Id.* at ¶ 10.) Plaintiff alleges that, despite the NOTAM, a Continental regional jet taxied onto the closed taxiway. (*Id.* at ¶ 18.) Plaintiff asserts that he was only "alerted to the approach

of the aircraft when he was startled by the aircraft's bright lights and felt the pull of the aircraft's turbine engines." (*Id.* at ¶ 21.) Plaintiff states that the wing of the aircraft swept over his head, and he "was forced to take drastic measures to avoid being struck" by the aircraft. (*Id.* at ¶¶ 22-23.)

As a direct result of this incident, Plaintiff claims to have suffered "severe shock, psychological trauma, mental anguish, and fear in anticipation of bodily injury or death." (*Id.* at ¶ 24.) Plaintiff further asserts that he has incurred medical expenses and has been unable to work from April 15, 2005 through the present date. (*Id.* at ¶ 25.) In the Complaint, Plaintiff attempts to state a claim for negligence against Continental and the FAA. (*Id.* at ¶¶ 26-31, ¶¶ 32-37.)  In response to the Complaint, on May 24, 2006, Continental filed a Motion for Summary Judgment. (ECF # 6.) In the Motion, Continental asserts that it is not a properly named party to this lawsuit. (*Id.* at 2.) Continental states:

> As correspondence from plaintiff's own attorney and other evidence irrefutably establish, the aircraft that was present on the taxiway the morning of the plaintiff's alleged incident was operated by a company called ExpressJet Airlines, Inc. d/b/a Continental Express, which is a corporate entity entirely separate from Continental Airlines, Inc. Defendant Continental Airlines did not operate or control this aircraft at the time of the alleged incident, and does not do so now.

(*Id.*) Because Continental contends that it is "simply the wrong defendant," it asks this Court to dismiss the lawsuit against it. (*Id.*)

Two days later, Plaintiff filed a First Amended Complaint, adding ExpressJet, Inc. d/b/a Continental Express ("ExpressJet") as a Defendant. (ECF # 7.) In Count I, Plaintiff attempts to state a claim of negligence against Continental "and/or" ExpressJet. (*Id.* at ¶¶ 30-35.) In Count II of the Complaint, Plaintiff alleges that an agency relationship exists between Continental and ExpressJet, and that Continental, as principal, is vicariously liable for the negligent acts of its agent, ExpressJet. (*Id.* at

2

¶¶ 36-40.)  Finally, in Count III, Plaintiff again attempts to set forth a claim of negligence against the FAA.  (*Id.* at ¶¶ 41-46.)[1]

On June 15, 2006, Continental filed a Motion for Dismissal, "expressly incorporat[ing] its previously filed motion for summary judgment and the supporting memorandum and Exhibits thereto in support of the instant renewed motion for summary judgment."[2]  (ECF # 8 at 3.)  In its Motion, Continental argues that it cannot be vicariously liable for ExpressJet's purported negligence because the two-year statute of limitations applicable to Plaintiff's negligence claim has expired.  (*Id.* at 3-4.)  Stated another way, Plaintiff contends that, because the two-year statute of limitations has run on Plaintiff's negligence claim against ExpressJet, Plaintiff cannot premise Continental's alleged liability on an agency theory.  (*Id.* at 6-7.)

On June 26, 2006, Plaintiff filed an Opposition to Continental's Motion for Summary Judgment. (ECF # 12.)  Plaintiff argues that ExpressJet is the actual and apparent agent of Continental.  (*Id.* at 5-7.)  Plaintiff further claims that Continental should be estopped from disclaiming ExpressJet as its agent. (*Id.* at 7-8.)  Plaintiff states:

> Continental undertook the defense of [ExpressJet] when it responded to Plaintiff's counsel's letter of representation.  At no time did the Defendant ever indicate to Plaintiff's counsel that it did not operate the jet in question.  Instead, Continental asked Plaintiff's counsel to cooperate with the Defendant in discovering more information about the incident.  Never during the nine months of cooperation did Continental ever give Plaintiff's counsel any reason to believe that it was not the

---

[1] Given that Plaintiff filed an Amended Complaint after Continental filed its Motion for Summary Judgment, the Motion is DENIED as MOOT.  (ECF # 6.)  Nevertheless, the Court has examined the Motion and the briefs relevant thereto to the extent that they are incorporated into the subsequent briefing in this case.

[2] Although Plaintiff later refers to the standard in Rule 12 of the Federal Rules of Civil Procedure in his Motion, Plaintiff's express incorporation of the previous Motion for Summary Judgment, along with the exhibits thereto, makes clear that the instant Motion should be reviewed pursuant to Rule 56.

> proper party to discuss resolving this action. Only since the statute of limitations passed has Continental attempted to assert the defense that it had nothing to do with the aircraft. Clearly, Continental is not being fair.

(*Id.*) In sum, Plaintiff asserts that, because he was "mislead by Continental," it "should now be estopped from denying that it operated the flight" at issue. (*Id.* at 8.) Finally, Plaintiff asserts that Continental's Motion raises factual questions concerning the relationship between Continental and ExpressJet, and he should be permitted to conduct discovery with respect to this issue. (*Id.* at 8-9.)

On July 14, 2006, Continental filed a Reply Memorandum in Support of its Motion for Dismissal. (ECF # 16.) In the Reply, Continental asserts that Plaintiff "has completely failed to address the primary basis upon which Continental is entitled to summary disposition, i.e., that the two-year statute of limitations applicable to plaintiff's negligence claim against ExpressJet, R.C. 2305.10(A), expired on April 15, 2006, well before May 26, 2006, when plaintiff finally filed a negligence claim against ExpressJet." (*Id.* at 2-3.) Continental reiterates its argument that, when the statute of limitations applicable to the agent's negligence expires, it extinguishes liability to both the agent and the principal. (*Id.* at 3.) Based on Continental's position that Plaintiff has failed to present any evidence that "would even vaguely suggest that equitable considerations justify tolling the statute of limitations in this case," Continental urges the Court to dismiss the claims against it. (*Id.* at 3-4.)

On July 19, 2006, Plaintiff filed an Opposition to Continental's Motion for Dismissal. (ECF # 17.) Plaintiff again argues that Continental "should be estopped from claiming the Statute of Limitations because Continental . . . fraudulently induced Plaintiff into believing that Continental was the correct Defendant, thereby misrepresenting the relationship between Continental and [ExpressJet]." (*Id.* at 1-2.) As such, Plaintiff requests that this Court allow its claims to proceed against Continental. (*Id.*)

4

Lastly, on August 2, 2006, Continental filed a Reply Memorandum in Support of its Motion for Dismissal. (ECF # 20.) Continental states that it in no way led Plaintiff to believe that it was the proper party to be sued. (*Id.* at 2.) To the contrary, Continental contends that Plaintiff, "represented by ostensibly able counsel, was fully capable of ascertaining and naming the correct party defendant within the generous time allotted under the applicable statute of limitations." (*Id.* at 7.) Because Plaintiff failed to do so, Continental requests that the Court grant its Motion, and dismiss Continental from this case. (*Id.*)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

5

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an

automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the

7

nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. It is with this standard in mind that the instant Motion must be decided.

### III. DISCUSSION

Plaintiff does not contest that the statute of limitations applicable to his claims is two years, or that the statute expired on April 15, 2006. (ECF # 17 at 4-5 (stating that the applicable statute of limitations is O.R.C. § 2305.10, which accrues on the date of injury). Rather, Plaintiff asserts that Continental should be equitably estopped from asserting the statute of limitations as a defense to Plaintiff's claims of vicarious liability, because it fraudulently induced him into believing that Continental was the correct defendant. (*Id.* at 5-9.) There being no dispute over the applicable statute of limitations or over the fact that the statute has expired as to Plaintiff's claims of vicarious liability, the sole issue before the Court is whether equitable estoppel may be invoked in order to avoid the bar posed by the statute of limitations in this instance.

Under Ohio law, a plaintiff may use the doctrine of equitable estoppel to prohibit the inequitable use of the statute of limitations as a defense. *See Livingston v. Diocese of Cleveland*, 126 Ohio App.3d 299 (8th Dist. 1998). In order to set forth a prima facie case for equitable estoppel, a plaintiff must show: "(1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) [that it induced] actual reliance which is reasonable and in good faith; and (4) [that the reliance caused]

8

detriment to the relying party." *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231 (7th Dist. 2000) (alterations in original). In addition, the following standards must be satisfied:

> With regard to the first two elements set forth above, the Ohio Supreme Court has indicated that a showing of "actual or constructive fraud" is necessary. Furthermore, in the context of a statute-of-limitations defense, a plaintiff must show either "an affirmative statement that the statutory period to bring an action was larger than it actually was" or "promises to make a better settlement of the claim if plaintiff did not bring the threatened suit" or "similar misrepresentations or conduct" on defendant's part.

*Id.* (internal citations omitted).

After a thorough review of the record in this case, the Court finds that Plaintiff has not presented sufficient evidence to find that Continental is equitably estopped from asserting the statute of limitations as a defense. As an initial matter, there is no evidence of actual or constructive fraud sufficient to satisfy the first two elements of equitable estoppel. To the contrary, the evidence shows that Lynn Babb, a Continental Claims Analyst, merely asked Plaintiff's counsel to forward her more information about the incident, if it was available. (Babb Aff. at ¶ 2.) There is no evidence that Ms. Babb misled Plaintiff's counsel into believing that Continental was a proper defendant; indeed, the record reflects that Ms. Babb denied that Continental was responsible. (*Id.* at ¶ 3.) Moreover, to the extent that Plaintiff may have relied on Ms. Babb's request for additional information as assurance that Continental was the proper defendant, such reliance was not reasonable.

Based on the foregoing, equitable estoppel does not bar Continental's use of the statute of limitations defense to Plaintiff's claims of vicarious liability. Continental's Motion for Dismissal, which is a renewed Motion for Summary Judgment as to the First Amended Complaint, is thus GRANTED. (ECF # 8.)

## IV. CONCLUSION

For the reasons set forth above, Continental's Motion for Summary Judgment, which relates to the original Complaint, is DENIED as MOOT.  (ECF # 6.)  Further, Continental's Motion for Dismissal, which is a renewed Motion for Summary Judgment as to the First Amended Complaint, is GRANTED.  (ECF # 8.)

IT IS SO ORDERED.

                                          *s/ Donald C. Nugent*
                                          DONALD C. NUGENT
                                          United States District Judge

DATED: August 24, 2006